UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taqueria El Primo LLC, Victor Manuel Delgado Jimenez and María Isabel Martínez Mondragón,<br><br>Plaintiffs,<br><br>vs.<br><br>Illinois Farmers Insurance Company, Farmers Insurance Exchange,<br><br>Defendants. | Court File No. 0:19-CV-3071<br><br>**NOTICE OF REMOVAL** |

Defendants Illinois Farmers Insurance Company and Farmers Insurance Exchange ("Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, and 1446, as follows:

**COMMENCEMENT AND SERVICE**

1. Plaintiffs Taqueria El Primo LLC, Victor Manuel Delgado Jimenez and María Isabel Martínez Mondragón ("Plaintiffs"), by and through their counsel, allegedly deposited a copy of the Hennepin County, Minnesota, Summons and Complaint in the United States Mail on Friday, November 8, 2019, return receipt requested, and addressed to the Minnesota Department of Commerce and to Defendants.

2. A copy of the Summons is attached hereto as Exhibit 1.

3. A copy of the Complaint is attached hereto as Exhibit 2.

4. A copy of the Civil Cover Sheet is attached hereto as Exhibit 3.

5. A copy of an Affidavit of Service is attached hereto as Exhibit 4.

6. A copy of a second Affidavit of Service is attached hereto as Exhibit 5.

7. A copy of a Notice of Judicial Assignment is attached hereto as Exhibit 6.

8. A copy of Defendants' notice of appearance is attached hereto as Exhibit 7.

9. A copy of an additional appearance on behalf of Plaintiffs is attached hereto as Exhibit 8.

10. The Summons and Complaint were first received by Defendants on Tuesday, November 12, 2019.

11. This Notice of Removal is therefore filed within thirty days of commencement of the action and is also otherwise timely filed under 28 U.S.C. § 1446(b)(1).

12. This Notice of Removal is also filed within one year of the commencement of this action and is thus timely filed pursuant to 28 U.S.C. § 1446(b).

13. By filing this Notice of Removal, Defendants do not waive any defenses or legal positions, jurisdictional or otherwise, which they may possess.

## GROUNDS FOR REMOVAL

14. Under 28 U.S.C. § 1441(a), a civil action is removable if the plaintiff or plaintiffs could have originally brought the action in federal court.

15. Defendant is entitled to remove the Hennepin County proceeding to this Court pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, and 1446 because this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) inasmuch as this is a civil action involving an amount in controversy exceeding $5,000,000, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a State different from a defendant. *See* 28 U.S.C. § 1332(d)(2)(A).  Furthermore, and based upon notations in a police report, jurisdiction may additionally exist under 28 U.S.C. § 1332(d)(2)(B).

## DIVERSITY OF CITIZENSHIP

16. This is an action with minimal diversity of citizenship between Plaintiffs and Defendants.

17. According to the Complaint, Plaintiff Taqueria El Primo LLC is "a Minnesota limited

liability corporation" [*sic*] [company], whose "sole member and manager" is Plaintiff Victor Manuel Delgado Jimenez.  (Complaint at 3 at ¶8.)

18. The Complaint alleges that Mr. Delgado Jimenez is a Minnesota citizen, (*id.* at ¶9), making Plaintiff Taqueria El Primo LLC also a citizen of the state of Minnesota for diversity purposes.

19. According to a police report regarding a motor vehicle accident that is referenced in the Complaint, Mr. Delgado Jimenez may be a citizen of a foreign state.  In that case both Mr. Delgado Jimenez and Plaintiff Taqueria El Primo LLC would be foreign citizens for diversity purposes.

20. The Complaint alleges that Plaintiff María Isabel Martínez Mondragón is a Minnesota citizen.  (*Id.* at ¶10.)

21. Defendant Illinois Farmers Insurance Company is an Illinois corporation with a principal place of business in Illinois and significant operations in California.  Accordingly, Illinois Farmers Insurance Company is an Illinois citizen and may potentially be seen as a California citizen, but is not a citizen of the state of Minnesota for purposes of diversity jurisdiction.

22. Defendant Farmers Insurance Exchange is an inter-insurance exchange and as such is a citizen of every state in which it has insureds.  Farmers Insurance Exchange has insureds both within and without of the state of Minnesota.

23. No change of citizenship has occurred since commencement of the action.  Accordingly, minimal diversity of citizenship has existed among the parties at all times.

## SCOPE OF THE CLASS

24. According to Paragraph 57 of the Complaint, Plaintiffs seek to represent a class of:

> All persons or business entities who purchased or were insured under an automobile insurance policy issued by Farmers within the applicable statute of limitations that did not disclose the existence of Farmers' network of excluded providers.

25. In 2017, between them Defendants issued more than 130,000 Minnesota automobile policies. In 2018, between them Defendants issued more than 125,000 Minnesota automobile policies. In 2019, between them Defendants issued more than 120,000 Minnesota automobile policies.

26. While the number of insureds and the number of policies are not identical, as one insured could own multiple insurance policies, the total number of purported class members clearly exceeds the minimum number of 100 proposed plaintiff class members set forth in 28 U.S.C. § 1332(d)(5)(B).

## AMOUNT IN CONTROVERSY

27. Plaintiffs seek to recover unspecified damages in the Complaint, alleging violation of the Minnesota No-Fault Act (Minn. Stat. §§ 65B.41-.71), the Minnesota Consumer Fraud Act (Minn. Stat. § 325D.68-.70), the Minnesota Deceptive Trade Practices Act (Minn. Stat. § 325D.43-.48), and breach of contract, in addition to a claim for declaratory relief. Among other things, Plaintiffs allege that they and the putative class purchased insurance policies that did not disclose limitations on the selection of healthcare providers and that they "would not have purchased from Farmers if they had known." (Complaint at 11, ¶52 & at 17, ¶13.)

28. Plaintiffs further seek to recover attorney's fees under the Minnesota Attorney General Statute (Minn. Stat. § 8.31).

29. In light of the above number of insurance policies, the premiums paid for such policies, and the claims being made, the dispute between the parties involves an amount in excess of $5,000,000, exclusive of attorney's fees, interest, and costs.

## NOTICE

30. Promptly after filing this Notice of Removal, Defendant will give written notice to all adverse parties as required by 28 U.S.C. § 1446(d) and will deliver a copy of this Notice to the Hennepin County, Minnesota, District Court Administrator and Judge Abrams by filing and serving the same in the state-court action.

## STATE COURT PLEADINGS

31. Pursuant to 28 U.S.C. § 1446(a)(1), copies of all process, pleadings, and orders received are attached hereto.

## REMOVAL

WHEREFORE, Defendants notice the removal of this case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441 *et seq.* and in conformity with the requirements set forth in 28 U.S.C. § 1446.

DATED:  December 11, 2019              **STOEL RIVES LLP**

/s/  Marc A. Al
Marc A. Al  (247923)
Roxanna V Gonzalez  (397322)
Emily C. Atmore  (399995)
33 South Sixth Street, Suite 4200
Minneapolis, MN  55402
Telephone:  (612) 373-8801
Facsimile:  (612) 373-8881
marc.al@stoel.com
roxanna.gonzalez@stoel.com
emily.atmore@stoel.com

Timothy W. Snider (petition for admission *pro hac vice* to be submitted)
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 294-9557
Facsimile:  (503) 220-2480
timothy.snider@stoel.com

**COUNSEL FOR DEFENDANTS**