# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TAQUERIA EL PRIMO LLC, VICTOR MANUEL DELGADO JIMENEZ, MITCHELLE CHAVEZ SOLIS, BENJAMIN TARNOWSKI, EL CHINELO PRODUCE, INC., and VIRGINIA SANCHEZ-GOMEZ, individually and on behalf of all others similarly situated, | Civil No. 19-3071 (JRT/BRT) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER DENYING CROSS SUMMARY JUDGMENT MOTIONS AND MOTIONS TO EXCLUDE EXPERT TESTIMONY** |
| v. | |
| ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., TRUCK INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., and MID-CENTURY INSURANCE COMPANY, | |
| Defendants. | |

Anne T. Regan and Nathan D. Prosser, **HELLMUTH & JOHNSON PLLC**, 8050 West Seventy-Eighth Street, Edina, MN 55439; David W. Asp, Derek C. Waller, Jennifer Jacobs, Kristen G. Marttila, and Stephen Matthew Owen, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076, for plaintiffs.

Emily C. Atmore, John Thomas Katuska, Marc A. Al, and Margaret E. Dalton, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; Timothy W. Snider, **STOEL RIVES LLP**, 760 Southwest Ninth Avenue, Suite 3000, Portland, OR 97205, for defendants.

Defendants sold automobile insurance in Minnesota.  Plaintiffs brought this class action alleging that Defendants entered into agreements with health care providers wherein the providers agreed to not bill Defendants for care provided to Defendants' insureds, without notifying the insureds.  This allegedly limited the ability of the insureds to seek care from the provider of their choosing.  On behalf of a class of insureds, Plaintiffs allege that this is illegal under Minnesota law and seek monetary damages and injunctive relief.  On December 28, 2021, the Court granted in part and denied in part Plaintiffs' class certification motion.

The parties have now filed cross Motions for Summary Judgment and Motions to Exclude the testimony of various experts offered in support and in opposition to the Summary Judgment Motions.  The class, however, has not yet been notified of this class action.  Because the class has not been notified, resolving these motions could result in a significant waste of resources and could create due process issues.  Therefore, the Court will exercise its discretion to manage the cases on its docket and deny the Summary Judgment Motions and Motions to Exclude without prejudice as premature.

**BACKGROUND**

In its order addressing Plaintiffs' class certification motion and Defendants' motions to exclude expert testimony in support of class certification, the Court addressed the factual background and issues in this case.  *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, No. 19-3071, 2021 WL 6127880, at *1–3 (D. Minn. Dec. 28, 2021).  To summarize,

Defendants sold members of the class automobile insurance governed by Minnesota's No-Fault Insurance Act while also agreeing to billing limitations that prevented certain health care providers from billing Defendants for care provided to those insured by Defendants. Defendants did not disclose these limitations. Plaintiffs allege that this violates the insurance policy language and Minnesota's No-Fault Insurance Act.

Plaintiffs then moved to certify two classes: (1) a Damages Class seeking monetary relief and (2) an Injunctive Class seeking to enjoin Defendants from enforcing these agreements. Defendants opposed class certification including moving to exclude testimony from two experts offered by Plaintiffs.

On December 28, 2021, the Court granted in part and denied in part Plaintiffs' class certification motion and certified an Injunctive Class under Federal Rule of Civil Procedure 23(b)(2) and a Damages Class under Rule 23(b)(3) on some of the claims the Plaintiffs brought. *Id.* at *25. The Court also denied Defendants' motions to exclude using the "focused *Daubert*" analysis appropriate at the class certification stage and thus offered no view on whether the testimony would be admissible at another stage such as summary judgment. *Id.* at *11, 25.

On January 11, 2022, Defendants sought permission from the Eighth Circuit to appeal the Court's grant of class certification pursuant to Rule 23(f). (Mem. Supp. Mot. for Approval of Form of Class Notice at 3, May 12, 2022, Docket No. 448.) In February 2022, while this request was pending, the parties filed cross Motions for Summary

Judgment and Motions to Exclude the testimony of various expert testimony in support of the summary judgment motions (collectively, the "Motions"). (Mot. Exclude Expert Testimony of Allan I. Schwartz, Feb. 10, 2022, Docket No. 342; Mot. Exclude Expert Testimony of Michael J. Rothman, Feb. 10, 2022, Docket No. 346; Mot. Exclude Expert Testimony of Akshay R. Rao, Feb. 10, 2022, Docket No. 349; Mot. Exclude Expert Testimony of Bruce Strombom, Feb. 11, 2022, Docket No. 359; Defs.' Mot. Summ. J., Feb. 11, 2022, Docket No. 368; Mot. Exclude Expert Testimony of Nancy Watkins, Feb. 11, 2022, Docket No. 376; Pls.' Mot. Summ. J., Feb. 11, 2022, Docket No. 386.) They did so because they had a February 11, 2022 deadline to file these Motions. (6th Am. Pretrial Scheduling Order at 10, Feb. 7, 2022, Docket No. 340.) On April 14, 2022, the Eighth Circuit denied Defendants' request for permission to appeal the class certification order. (Mem. Supp. Mot. for Approval of Form of Class Notice at 3.) On May 12, 2022, Plaintiffs moved for approval of their class notice forms and plan. (Mot. for Approval of Form of Class Notice, May 12, 2022, Docket No. 446.) Defendants oppose Plaintiffs' proposed notice forms and request the Court adopt forms Defendants claim would correct deficiencies in Plaintiffs' proposal. (Mem. Opp. Approval of Form of Class Notice, June 2, 2022, Docket No. 463.) As a result, Plaintiffs have not begun their class notice plan.

## DISCUSSION

Before resolving the parties' Motions, the Court must determine whether it is appropriate to consider them before the class is notified. *See Hartley v. Suburban*

*Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 367–69 (D. Minn. 2013) (considering the propriety of resolving summary judgment motions before resolving class certification).[1]

The Federal Rules of Civil Procedure do not specify the sequencing of class certification motions or notice in the overall structure of a class action. Instead, the Court must determine whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1). Rule 23(b)(3) classes "must" be notified of the class action and given the opportunity to opt out. Fed. R. Civ. P. 23(c)(2)(B). Rule 23(b)(2) classes "may" be notified of the class action. Fed. R. Civ. P. 23(c)(2)(A).

Any ruling on the merits of a proposed class action that precedes class certification—whether in defendants' or plaintiffs' favor—has no binding effect on any unnamed class member. *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties."). This also applies after a court grants certification but before the class is notified. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603 (6th Cir. 2019) ("[C]lass certification remains functionally incomplete

---

[1] Citing *Hartley*, the parties recognized the problem of resolving summary judgment motions before the Court issued its class certification order. (Mem. Supp. Mot. for Extension of Time at 4, Dec. 8, 2021, Docket No. 314.) Accordingly, Defendants sought an extension of the dispositive motion deadlines. (*Id.*) Defendants expressly indicated that they do not intend to waive the protections discussed in this Order. (*Id.* at 6.) For the reasons discussed here, *Hartley*'s logic applies after class certification is granted but before the class is notified. Therefore, just as there was good cause to delay the dispositive motions pending the class certification order, there is good cause to delay them pending class notice.

until class members receive notice.").  This is so because the mandatory notice to Rule 23(b)(3) classes "is designed to fulfill requirements of due process."  Fed. R. Civ. P. 23(d)(2) advisory committee's note to 1966 amendment.  Notice to Rule 23(b)(3) classes "is not a discretionary consideration."  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).  It is a requirement of the Rules of Civil Procedure and the Constitution's due process requirements.  *Faber*, 944 F.3d at 602–03.  Therefore, if the Court grants summary judgment to either party on issues affecting the Damages Class before it is notified, only the Named Plaintiffs will be bound.

Because a ruling on the merits will not have binding effect on class members, "courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified **and notified**."  *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis added).  Courts should generally ensure the class receives notice "well before" adjudicating the merits.  *Id.*

Whether to follow this general rule, depends in part on which party seeks summary judgment.

Courts have recognized that defendants may have a right to waive the protections of this general rule and seek a ruling on the merits of putative class claims prior to class certification.  *See, e.g.*, *Faber*, 944 F.3d at 602; *Schwarzschild*, 69 F.3d at 297.  By doing so, a pre-certification or pre-notice grant of summary judgment in a defendant's favor is binding only on named plaintiffs and not the class.  *Faber*, 944 F.3d at 602.  "In such a

situation, 'the defendants . . . assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants.'" *Schwarzschild*, 69 F.3d at 297 (emphasis omitted and alteration in original) (quoting *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980)); *accord Faber*, 944 F.3d at 603.

Courts will therefore sometimes grant a defendant's summary judgment motion where it will not prejudice the parties and will resolve the issue of class certification, dispose of certain issues or claims that could reduce the costs associated with class certification motion practice, or dispose of the case entirely. *See Hartley*, 295 F.R.D. at 368. In such cases, "an initial ruling on the merits of a claim would protect the parties from needless and costly further litigation." *See In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009).

Courts, however, have been reluctant to allow the same waiver by plaintiffs. *See Hartley*, 295 F.R.D. at 368–69; *Weir v. Joly*, No. 10-898, 2011 WL 6043024, at *1–2 (D. Or. Dec. 2, 2011). Instead, where plaintiffs seek a ruling on the merits prior to class certification, courts have adhered to the general rule of postponing determination of the merits until after class members have been given notice. Courts do this to "avoid the problem of 'one-way intervention'—whereby a potential class member could await the outcome of a determination on the merits before deciding whether to join the class."

-7-

*Gomez v. Rossi Concrete Inc.*, No. 08-1442, 2011 WL 666888, at *1 (S.D. Cal. Feb. 17, 2011). One-way intervention is unfair to defendants because it allows class members to escape being bound by an adjudication in favor of the defendant but agree to be bound by an adjudication in favor of the class. *See Schwarzschild*, 69 F.3d at 295; *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974). Indeed, Rule 23(c)(2) was adopted to prevent one-way intervention. *Schwarzschild*, 69 F.3d at 295; *Katz*, 496 F.2d at 759. Therefore, post-judgment notice "should only be done 'in appropriate circumstances' where 'equitable reasons' demand binding the class." *Faber*, 944 F.3d at 603–04 (quoting *Postow*, 627 F.2d at 1382–83). In other circumstances, granting summary judgment in favor of the plaintiff before certification or notice may preclude continuing to operate as a class. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016); *see Hartley*, 295 F.R.D. at 369 (explaining various reasons why pre-certification summary judgment may preclude a class action).

In sum, if the Court grants summary judgment in favor of either the Defendants or the Plaintiffs here that judgment likely would not bind the class and would nullify the Court's prior class certification order. *See Faber*, 944 F.3d at 604 ("Unable to bind any class members, the class certification carries no effect and is therefore a nullity.").

Here there is little benefit to resolving the Motions before notice. The parties and the Court have already spent the time and money on class certification. Resolving these Motions before the class is notified would waste that effort and save only the cost of

notice.  Moreover, irrespective of the outcome of the summary judgment motions—but especially if the Court were to grant summary judgment in favor of the Plaintiffs—other class members may file new cases or even a new class action and restart this case from square one if the class is destroyed.  This would be grossly inefficient for the parties and the Court and waste more than two years of work when there is a simple solution: wait for the end of the notice period.[2]

In some cases, it is appropriate to resolve some motions but not others before class certification.  *See Hartley*, 295 F.R.D. at 368–69 (resolving a defendant's summary judgment motion but not a plaintiff's summary judgment motion).  Although the Defendants can waive the benefits of binding the class and notice to the Injunctive Class as a Rule 23(b)(2) class is not mandatory, *see* Fed. R. Civ. P. 23(c)(2)(A), the Court will not resolve any of the Summary Judgment Motions here.  There is such significant overlap between the Motions and between the Damages Class's claims and Injunctive Class's claims that it would be inefficient to resolve them piecemeal and it is possible piecemeal resolution would imply the resolution of an unresolved Motion.  The Court will also not resolve the Motions to Exclude.  Because of the centrality of the experts' testimony to the Summary Judgment Motions, it will be more efficient for the Court to consider the

---

[2] To be clear, the Court does not hold that there is an absolute rule against resolving summary judgment motions before class certification or after class certification but before notice.  It only holds that doing so is not appropriate here.  *See Faber*, 944 F.3d at 605 n.8.

Motions to Exclude alongside the Summary Judgment Motions and resolution of the Motions to Exclude may directly affect the resolution of the Summary Judgment Motions.

For these reasons, the Court will decline to consider the parties' Motions for Summary Judgment and Motions to Exclude at this time.  It will deny them without prejudice, and the parties may refile their Motions after the class has been notified.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Exclude Expert Testimony [Docket Nos. 342, 346, and 349] are **DENIED without prejudice** as premature;

2. Plaintiffs' Motions to Exclude Expert Testimony [Docket Nos. 359 and 376] are **DENIED without prejudice** as premature;

3. Defendants' Motion for Summary Judgment [Docket No. 368] is **DENIED without prejudice** as premature;

4. Plaintiffs' Partial Motion for Summary Judgment on behalf of the Damages Class and Motion for Summary Judgment on behalf of the Injunctive Class [Docket No. 386] is **DENIED without prejudice** as premature; and

5. The Parties may refile their motions within thirty (30) days after the time period for a putative class member to opt out of the class action has expired.

DATED:  September 23, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge