# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| TAQUERIA EL PRIMO LLC, VICTOR MANUEL DELGADO JIMENEZ, MITCHELLE CHAVEZ SOLIS, BENJAMIN TARNOWSKI, EL CHINELO PRODUCE, INC., and VIRGINIA SANCHEZ-GOMEZ, individually and on behalf of all others similarly situated, | Civil No. 19-3071 (JRT/BRT) |

Plaintiffs,

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF THE FORM OF CLASS NOTICE AND PLAN OF NOTICE AS MODIFIED**

v.

ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., TRUCK INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., and MID-CENTURY INSURANCE COMPANY,

Defendants.

Anne T. Regan and Nathan D. Prosser, **HELLMUTH & JOHNSON PLLC**, 8050 West Seventy-Eighth Street, Edina, MN 55439; David W. Asp, Derek C. Waller, Jennifer Jacobs, Kristen G. Marttila, and Stephen M. Owen, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076, for plaintiffs.

Emily C. Atmore, John Katuska, Marc A. Al, and Margaret E. Dalton, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; Timothy W. Snider, **STOEL RIVES LLP**, 760 Southwest Ninth Avenue, Suite 3000, Portland, OR 97205, for defendants.

Defendants sold automobile insurance in Minnesota.  Plaintiffs brought this class action alleging that Defendants entered into agreements with health care providers wherein the providers agreed to not bill Defendants for care provided to Defendants' insureds, without notifying the insureds.  This allegedly limited the ability of the insureds to seek care from the provider of their choosing.  On behalf of a Class of insureds, Plaintiffs allege that this violated Minnesota law and seek monetary damages and injunctive relief.  On December 28, 2021, the Court granted in part and denied in part Plaintiffs' class certification motion.

Plaintiffs have drafted a Class Notice Plan as well as both Short Form and Long Form Notices.  Defendants do not object to the Plaintiffs' Plan but object to parts of the Notice Forms and have drafted their own which they urge the Court to approve instead.

The Court will approve the Class Notice Plan and Notice Forms as modified herein and in the attached exhibits.  The modified Plan and Forms meet the requirements of due process and are the best notice practicable as required by Federal Rule of Civil Procedure 23(c)(2)(B).

**BACKGROUND**

In its Order addressing Plaintiffs' class certification motion and Defendants' motions to exclude expert testimony in support of class certification, the Court addressed the factual background and issues in this case.  *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, No. 19-3071, 2021 WL 6127880, at *1–3 (D. Minn. Dec. 28, 2021).  To summarize,

Defendants sold members of the Class automobile insurance governed by Minnesota's No-Fault Insurance Act while also agreeing to billing limitations that prevented certain health care providers from billing Defendants for care provided to those insured by Defendants. Defendants did not disclose these limitations to the insureds. Plaintiffs allege that this violated the insurance policy language and Minnesota's No-Fault Insurance Act.

Plaintiffs moved to certify two classes: (1) a Damages Class seeking monetary relief and (2) an Injunctive Class seeking to enjoin Defendants from enforcing these agreements. The Court granted in part and denied in part Plaintiffs' class certification motion and certified an Injunctive Class under Federal Rule of Civil Procedure 23(b)(2) and a Damages Class under Rule 23(b)(3) on some of the claims the Plaintiffs brought. Defendants sought permission from the Eighth Circuit to appeal the Court's grant of class certification pursuant to Rule 23(f), but the Eighth Circuit denied Defendants' request. (Mem. Supp. Mot. Approval Form Class Notice at 3, May 12, 2022, Docket No. 448.)

Plaintiffs now move for approval of their Class Notice Plan and Notice Forms to provide notice to members of the Class. (Mot. Approval Form Class Notice, May 12, 2022, Docket No. 446.) Defendants oppose Plaintiffs' proposed Notice Forms and request the Court adopt their own proposed forms, which they claim would correct deficiencies in

Plaintiffs' proposal.  (Mem. Opp. Approval Form Class Notice, June 2, 2022, Docket No. 463.)  Defendants, however, do not oppose the Notice Plan.  (*Id.* at 1.)[1]

## DISCUSSION

### I.      STANDARD OF REVIEW

When a court certifies a class under Rule 23(b)(3), both Rule 23 and due process require putative class members to be properly notified of the class action in order to be bound by the judgment.  *In re Piper Funds, Inc., Institutional Gov't Income Portfolio Litig.*, 71 F.3d 298, 303 (8th Cir. 1995).  Class members "must receive notice plus an opportunity to be heard and participate in the litigation."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  "The notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950)).  To do so, the notice must describe the action and class members' rights including their right to exclude themselves from the class.  *Id.*  The notice, however, need not provide every detail of the case, particularly when the notice provides methods for class members to receive additional information about the case.  *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152–53 (8th Cir. 1999); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and*

---

[1] The Court will discuss additional facts related to the proposed Notice Plan and proposed Notice Forms below.

*Procedure* § 1797.6 (3d ed.) ("[C]ourts have approved notices that did not contain some of the precise details . . . as long as sufficient contact information is provided to allow the class members to obtain more detailed information about those matters.").

To this end, Rule 23's notice provisions are "designed to fulfill requirements of due process." Fed. R. Civ. P. 23(d)(2) advisory committee's note to 1966 amendment. Rule 23(c)(2)(B) lays out several requirements for class notice:

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Rule 23(c)(2)(B), however, is not a simple checklist. The Court should consider, among other issues, the overall notice forms and plan; the nature of the class; and the

nature of the case.  *See* Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010).[2]  The best practicable notice must also be neutral and objective.  *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104 (5th Cir. 1977).  This is necessary to ensure class members make an informed decision about whether to opt out.  *See Smith v. SEECO, Inc.*, 865 F.3d 1021, 1026 (8th Cir. 2017).

## II.    ANALYSIS

### A.    Notice Plan

Defendants have provided Plaintiffs with contact information for all class members, including email addresses for about 55 percent of the class.  (Mem. Supp. Mot. Approval Form Class Notice at 6–7 n.4; Decl. of Richard W. Simmons ("Simmons Decl.") ¶ 19, May 12, 2022, Docket No. 450.)  Plaintiffs propose utilizing a method to identify additional email addresses for class members for whom Defendants did not provide an email address.  (Simmons Decl. ¶¶ 16–18.)  Plaintiffs' Notice Administrator estimates that this will allow Plaintiffs to identify an email address for 75 to 78 percent of class members. (*Id.* ¶ 19 n.4.)

For class members for whom Plaintiffs obtain an email address—either from Defendants or through the email identification process, Plaintiffs propose sending an Email Notice version of the Long Form Notice including taking steps to increase the

---

[2] Available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

likelihood that the email will properly reach recipients.  (*Id.* ¶¶ 19–22.)  For class members for whom Plaintiffs cannot obtain an email address, Plaintiffs propose sending a postcard containing the Short Form Notice using the mailing addresses provided by Defendants via the United States Postal Service ("USPS"), after taking various steps to increase the likelihood of sending the Notice to the correct mailing address.  (*Id.* ¶¶ 23–25.)  Plaintiffs' Notice Administrator expects to deliver at least one form of the notice to "virtually all" class members, and at least within a range of 70 to 95 percent of class members.  (*Id.* ¶ 36.)

In addition to providing information about the case in the Notices discussed in more detail below, Plaintiffs propose providing a toll-free phone number and litigation website where class members can obtain additional information including the Long Form Notice and other case documents.  (Decl. of Kristen G. Marttila, Ex. 1 ("Long Form Notice") at 5, June 15, 2022, Docket No. 473; Decl. of Nathan D. Prosser, Ex. B ("Short Form Notice") at 1, Ex. D ("Email Notice") at 5, May 12, 2022, Docket No. 449; Simmons Decl. ¶¶ 27–33; Mem. Supp. Mot. Approval Form Class Notice at 7.)  Class members who call will be able to listen to pre-recorded messages and receive live agent support.  (Simmons Decl. ¶¶ 28–30.)  Class members may also ask questions via email.  (*Id.* ¶¶ 34–35.)

Plaintiffs' proposed Notice Plan with two modifications meets the requirements of due process and Rule 23 under the circumstances here.  For their part, Defendants do not contest that the Plan is adequate.  The Plan includes direct notice to every class member

based upon available contact information after taking various steps to update and validate that contact information. The direct notice will occur via mail and email as permitted by Rule 23. Fed. R. Civ. P. Rule 23(c)(2)(B) (permitting notice by "United States mail, electronic means, or other appropriate means"). Through one of these two methods, individual notice will be directed to nearly all members of the class and the Court will be able to evaluate the ultimate success rate to determine if additional steps are necessary. (*See* Simmons Decl. ¶ 26.) Class members will be able to access case documents and have multiple paths to learn about the case and answer questions they have.

The Court will make two slight modifications to the Notice Plan. First, the Notice Administrator must, as soon as possible, mail a postcard Short Form Notice via USPS to any class member for whom the Administrator initially sends the Email Notice but the Administrator receives a "bounce back" or other notification that the Email Notice was not properly delivered. Second, for any class member's mailing address that is returned as undeliverable, the Administrator must take reasonable steps to identify an updated mailing address and then resend the postcard Short Form Notice as soon as possible if an updated mailing address is identified.[3] These two modifications are minor alterations

---

[3] It appears that the Notice Plan may already include this second modification as the Notice Administrator indicated that for postcard Short Form Notices returned as undeliverable, it would attempt to identify an updated mailing address to send a "Settlement Notice." (Simmons Decl. ¶ 25.) There is no settlement and therefore no Settlement Notice at this time. If this should have read "a postcard Short Form Notice will be mailed to the Class Member if an

that will increase the number of class members who receive notice with minimal and reasonable additional burden on the Administrator, helping to ensure the plan meets the requirements of due process and Rule 23. *See Phillips v. Caliber Home Loans, Inc.*, No. 19-2711, 2021 WL 3030648, at *3, 8 (D. Minn. July 19, 2021); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941, 946 (9th Cir. 2015); Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, at 3 (2010).

Subject to these modifications, the Court will approve the Notice Plan as it is sufficient to comport with due process and Rule 23 and is the best practicable notice under the circumstances.

### B.   Notice Forms

Plaintiffs have drafted two forms of notice: (1) a Long Form Notice that will be posted to the Litigation Website and sent as the Email Notice and (2) a Short Form Notice that will be sent as a postcard.  Defendants object to portions of both the Long Form and Short Form Notice.[4]

---

updated address becomes available" then this second modification is unnecessary.  If the intention was just to notify these class members of any future developments, the second modification is necessary, and the Court will require it.

[4] Plaintiffs argue the Court should disregard Defendants' opposition brief solely for being untimely, arguing that Defendants improperly followed the Local Rules for dispositive motions instead of nondispositive motions.  (Reply Mem. Supp. Mot. for Approval Form Class Notice at 2, June 15, 2022, Docket No. 472.)  The Court will not wade into the dispute over the timeliness of the filings and will consider Defendants' filing because the Court's duty in directing notice under Rule 23(c)(2)(B) is to protect the due process rights of absent class members, not to resolve a dispute between the parties.  Therefore, if Plaintiffs' proposed notice is inadequate, the Court would have a duty to reject or modify it even if Defendants did not object to the proposal.

In its review of the proposed Notice Forms, the Court is guided by the requirements of due process and the Rule 23(c)(2)(B) criteria. Most of the differences between the parties are stylistic or semantic and accepting either proposal would likely satisfy due process. *See Petrovic*, 200 F.3d at 1153 ("The notice need only satisfy the broad reasonableness standards imposed by due process." (quotation omitted)). It is in the discretion of the Court whether any particular proposal or some other change is necessary to provide the best practicable notice. *See id.*

After a careful review of the parties' arguments, the relevant law, and its own observations about the proposals, the Court has adapted the parties' filings into two forms of notice that are attached to this Order and which the Court will approve for distribution. The Court explains the changes it made including addressing the parties' major disputes and the changes it made of its own accord in the following sections.

### 1.    Short Form Notice

The proposed Short Form Notice plainly satisfies many of the requirements of Rule 23(c)(2)(B). It clearly and concisely states the definition of the class and who are likely members of the class; that class members may enter an appearance through an attorney; that class members can opt out of the class and, by doing so, will not be bound by this case; and, subject to a minor modification, explains the time and manner for opting out.

The parties dispute whether Plaintiffs' proposed Short Form Notice adequately describes the nature of the action and the class claims, issues, and defenses. Defendants

argue Plaintiffs' proposal inadequately explains the underlying agreements Defendants made with medical providers and Defendants' position that these agreements were permissible.  Defendants argue class members will have to guess at the contents of the agreements or why Defendants entered into these agreements.  Plaintiffs' case, however, does not turn on the precise contents of the agreements or the reasons Defendants entered into the agreements.  If Defendants' actions violated the law and harmed the class, it is irrelevant that they might have had a good reason for violating the law.

Adding Defendants' proposed language therefore gives some context for the case but does not help explain the nature of this action.  References to medical provider fraud and settlements may confuse some class members into thinking this is a case about medical fraud and that settlements have been reached here.  Moreover, Rule 23 does not require the notice to explain why a defendant took the action if that reason is not crucial to understanding the legal issues the case presents.  Defendants' proposal more fully fleshes out their defense, namely that the agreements were permissible ways of resolving possible impropriety by medical providers.  But the notice need not fully explain the defenses.  *See Petrovic*, 200 F.3d at 1153; *Hand v. Beach Ent. Kc, LLC*, No. 18-668, 2021 WL 199729, at *3 (W.D. Mo. Jan. 19, 2021).  Introducing this extra explanation may leave the notice less clear and less easily understood.  The phrase "no-bill settlements" is particularly confusing without additional context.  To address this possible confusion, it may be necessary to provide even more information which could cause the Notice to no

longer be concise.  Because the class members can understand the nature of the case without this extra information and are told where to find additional information if they would like it, the Court will not add it.

Defendants' proposal would eliminate the individual names of the Defendants. While there may be some exceptions, the names of the defendants will generally be necessary to explain the nature of the action.  In this case, where class members could have purchased insurance from any one of the Defendants, the names of all Defendants are necessary to explain the definition of the class.  Removing the names could lead to confusion as class members may look at their policy document, see that the policy was issued by one of the Defendants without Farmers in the name and not by "Farmers Insurance" as Defendants' propose, and erroneously conclude that they do not fall under the definition of the class.

Defendants' proposal, however, does illustrate one deficiency in Plaintiffs' proposal.  Plaintiffs' proposal asserts that the lawsuit alleges violations of Minnesota's No-Fault Automobile Insurance Act, the Minnesota Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, and the policy terms but then only asserts that "Defendants deny that they violated the No-Fault Act, or denied reimbursement of any medical expense benefits."  This could imply that Defendants only deny that they violated the No-Fault Act when Defendants deny violations of any Minnesota law.  A class member could believe that fault has been established under Minnesota law other than the No-

Fault Act. Therefore, the Court will adopt part of Defendants' suggested language and modify the last sentence of the first paragraph to read: "Defendants deny any violation of Minnesota law or that they denied reimbursement of any medical expense benefits."

In addition to the parties' dispute, the Short Form Notice does not adequately state the binding effect of a class judgment. The Short Form Notice indicates that those who opt out will not be bound by a class judgment, but it does not explicitly state that those who remain in the class will be bound by the outcome of this litigation. Although the Short Form Notice implies this, Rule 23(c)(2)(B) requires it to be clearly and plainly stated. Therefore, the Court will add one sentence to the answer to "What Are My Options as a Class member?" as follows: "If you stay in the Class, you will be bound by all Orders and Judgments of the Court in this case, even if there is no recovery."

Finally, the Court will make two other slight modifications. First, Plaintiffs' draft Short Form Notice indicates that the opt out period ends 60 days from Court approval. Elsewhere Plaintiffs indicate the 60 days runs from the date of sending notice. This seems to be a simple typographical error. To be clear, the Short Form Notice must indicate that the opt out period ends no sooner than 60 days from the sending of notice. Second, the Court will move the opt out deadline to the end of the paragraph to make it clear the deadline applies to both opt out requests submitted online and by mail.

With these revisions, the Short Form Notice conforms with the requirements of due process and Rule 23(c)(2)(B). The Court will approve the Short Form Notice as revised

and attached as Exhibit A.  The Court will also authorize Plaintiffs' Administrator to correct any typographical errors and to make minor formatting changes necessary for properly printing and mailing the Short Form Notice without first seeking the Court's approval but must notify Defendants of any such change as soon as reasonably possible.

### 2.    Long Form Notice

The proposed Long Form Notice plainly satisfies many of the requirements of Rule 23(c)(2)(B).  It clearly and concisely states the definition of the class and who are likely members of the class; that class members may enter an appearance through an attorney; that class members can opt out of the class and, by doing so, will not be bound by this case; that class members who do not opt out will be bound by the orders and judgments made in this case; and explains the time and manner for opting out.

The parties' disputes center on whether the Long Form Notice adequately explains the nature of the action and class claims, issues, and defenses.  In addition to the text, the parties also have disagreements on formatting and order.  Although not explicitly named in Rule 23, formatting, order, and length are all relevant considerations.  *See* Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, at 5 (2010).  Long notices with excessive detail may decrease the effectiveness of the notice.  *See id.* ("When excess information is included, reader burnout results, the information is not communicated at all[.]").  Burying the most important information can also decrease the effectiveness of the notice.

The Court will adopt many of the formatting and order changes Defendants propose in the first two pages of the Long Form Notice but will generally adopt Plaintiffs' language here with only minor revisions similar to those made to the Short Form Notice. As Defendants point out, the first section addresses more than just who is included in the class action, providing a short explanation of the case.  Using headings for each of these issues also makes clear what each of the initial bullet points is about.  Including a blunt section on the class members' decision early in the notice is also helpful to protect class members' rights.  *See id.* at 8.  The reason for notice is to lay before class members a choice of whether to opt out and provide them sufficient information to make that choice. Class members must know they have that choice.  Plaintiffs' proposal first mentions that class members have a choice on page four in the middle of a long question and answer section.  The best notice practicable here apprises class members of their choice earlier in the notice so that they know why they should keep reading and so they can read with an eye toward making that choice.  The Court also shortened and rewrote much of the language in the "Your Legal Rights and Options" section to make it more concise and neutral as to the consequences each choice.

Many of the disputes regarding the rest of the Long Form Notice, except for one, are stylistic.  The parties dispute the description and status of the case throughout the Long Form Notice.  There is merit to both parties' arguments on this issue.  Rule 23 instructs that the notice explain the "claims, issues, or defenses."  Defendants proposed

format in "2. What is the lawsuit about?" is helpful to explain the claims, issues, and defenses and provides a little more context than the Short Form Notice and the first section of the Long Form Notice. Still, for the reasons the Court did not add Defendants' references to fraud and settlement agreements in the Short Form Notice and first section of the Long Form Notice, the Court will not add them here. Therefore, the Court added some additional explanation about the nature of the case but not to the full extent requested by Defendants.

As to the status of the case, noting that the Court has not resolved the merits of the case more clearly will help class members understand the status of the case. The Court has been mindful to not repeat this statement in too many places as doing so would add unnecessary length and fail to comply with Rule 23's instruction to be concise.

Finally, the Court made a handful of other minor changes to improve clarity, improve consistency across the Notices, and address other problems it identified with the proposed Long Form Notice. This includes adding the phone number mentioned in Question 10, consistency in the opt out deadline, and consistency in the manner of opting out. As to the manner of opting out, although the Email Notice is meant to be the same as the Long Form Notice, (*see* Mem. Supp. Mot. Approval Form Class Notice at 6), Plaintiffs' proposals differ slightly on the available methods of opting out. (*Compare* Long Form Notice at 4, *with* Email Notice at 4.) As opting out via email is not mentioned anywhere else but in the Email Notice, it is unclear whether Plaintiffs intend to allow email

opt outs.  Because the text of the Email Notice uses the text of the Long Form Notice, the opt out methods must also be the same.  If Plaintiffs intended to permit email opt outs, the Notice Administrator is authorized to make the necessary changes to include this option on the Long Form Notice and Email Notice.

With these revisions, the Long Form Notice conforms with the requirements of due process and Rule 23(c)(2)(B).  The Court will approve the Long Form Notice as revised and attached as Exhibit B for use both as the Long Form Notice and as the Email Notice.[5]  The Court will also authorize Plaintiffs' Administrator to correct any typographical errors and to make minor formatting or other changes necessary for properly printing and mailing the Long Form Notice, for posting the Long Form Notice on the litigation website, and for use as the Email Notice including those necessary to increase the likelihood of email delivery without first seeking the Court's approval but must notify Defendants of any such change as soon as reasonably possible.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Approval of the Form of Class Notice and Plan of Notice [Docket No. 446] is **GRANTED AS MODIFIED** as follows:

---

[5] The parties did not address Plaintiffs' proposed phone script.  (Prosser Decl., Ex. C.)  The phone script is based on the Long Form Notice.  The Court will approve use of the phone script subject to mirroring any relevant modifications the Court made to the Long Form Notice.

1. Plaintiffs' notice program shall consistent of: (1) direct email of a Long Form Notice to all class members whose email address can be reasonably identified; (2) direct mail via the United States Postal Service of a Short Form Notice to all class members whose email address cannot be reasonably identified; and (3) direct mail via the United States Postal Service of a Short Form Notice to all class members for whom an Email Notice is sent but for whom the Notice Administrator receives notice that the Email Notice was not properly delivered.

2. The Court approves the Short Form Notice and Long Form Notice which are attached as Exhibit A ("Short Form Notice") and Exhibit B ("Long Form Notice"). Plaintiffs Notice Administrator is authorized to make minor typographical corrections and modifications necessary to ensure proper printing and delivery without requesting advanced permission of the Court. Plaintiffs must notify Defendants of any such modifications as soon as reasonably possible.

3. The Court approves the creation of a case-specific litigation website, email address, and toll-free phone number using a script based on the approved Long Form Notice language.

4. The Court appoints Analytics Consulting LLC as the Notice Administrator ("Administrator").

a. The Administrator shall cause the Long Form Notice to be emailed on or before 30 days after this Order is issued to all Class Members at the email address of each as stated in the records of Defendants or who otherwise can be identified through reasonable efforts of the Administrator.

b. The Administrator shall cause the Short Form Notice to be mailed via the United States Postal Service on or before 30 days after this Order is issued to all Class Members at the address of each stated in the records of Defendants as updated via the Notice Plan that an email address has not been identified through reasonable efforts.

c. On or before 44 days after this Order is issued, the Administrator will file with the Court proof of email and mail distribution of the Class Notice.

d. The Administrator shall cause the Short Form Notice to be mailed via the United States Postal Service to all Class Members who are emailed the Long Form Notice that the Administrator receives notification that the emailed Long Form Notice was not properly delivered via email as soon as reasonably possible after such notification.

e.  The Administrator shall cause the Short Form Notice to be mailed a second time via the United States Postal Service to any Class Member for whom the Administrator receives notice that its first mailing address is returned as undeliverable if the Administrator is able to identify an updated mailing address after taking reasonable steps to identify such an updated address.

f.  The Administrator shall cause the creation of the case-specific litigation website, to be made publicly available and updated with relevant court information and documents.

g.  The Administrator shall cause creation of the toll-free number, with a toll-free script in substantially the same form to the approved content contained in Exhibit A and Exhibit B, to be available 24 hours a day, 7 days a week in English and Spanish that Class Members may call for more information about the lawsuit.

h.  The Administrator shall cause the approved Notice Forms to be translated into Spanish and posted on the case-specific litigation website.

5.  Each Class Member shall have the right to be excluded from the Class by utilizing a separate opt-out form that shall be available online through the dedicated case-specific litigation website and submitted electronically

within 60 days of the date Notice is sent or by submitting the required

information in paper form postmarked within 60 days of the date Notice is

sent.   Class Members may also exclude themselves by submitting the

required information by email within 60 days of the date Notice is sent if

Plaintiffs so choose and the Administrator is authorized to add the relevant

information to facilitate this option to the Notice Forms and website.

6.  No later than 30 days after the deadline for exclusion, Class Counsel shall

file with the Court a list of all persons and entities who have timely

requested exclusion from the Class.

7.  Except for those potential Class Members who file a timely request for

exclusion, all others will be deemed members of the Class except for the

Class definition exclusions.


DATED:  September 23, 2022
at Minneapolis, Minnesota.

_John H. Tunheim_
_____
JOHN R. TUNHEIM
United States District Judge