# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TAQUERIA EL PRIMO LLC, VICTOR MANUEL DELGADO JIMENEZ, MITCHELLE CHAVEZ SOLIS, BENJAMIN TARNOWSKI, EL CHINELO PRODUCE, INC., and VIRGINIA SANCHEZ-GOMEZ, individually and on behalf of all others similarly situated, | Civil No. 19-3071 (JRT/BRT) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE RULING** |
| v. | |
| ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., TRUCK INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., and MID-CENTURY INSURANCE COMPANY, | |
| Defendants. | |

Anne T. Regan and Nathan D. Prosser, **HELLMUTH & JOHNSON PLLC**, 8050 West Seventy-Eighth Street, Edina, MN 55439; David W. Asp, Derek C. Waller, Jennifer Jacobs, Kristen G. Marttila, and Stephen Matthew Owen, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076, for plaintiffs.

Emily C. Atmore, John Katuska, and Marc A. Al, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; Timothy W. Snider, **STOEL RIVES LLP**, 760 Southwest Ninth Avenue, Suite 3000, Portland, OR 97205, for defendants.

Defendants Farmers Group, Inc., Trucker Insurance Exchange, Farmers Insurance Company, Inc., Farmers Insurance Exchange Company, and Mid-Century Insurance Company (collectively "Defendants") appeal Magistrate Judge Becky R. Thorson's order denying their motion for leave to amend their Answer to plead an additional affirmative defense.  Because the Magistrate Judge's order was not clearly erroneous, the Court will overrule Defendants' objection and affirm the Magistrate Judge's decision.

## BACKGROUND

Plaintiffs Taqueria El Primo LLC, Victor Manuel Delgado Jimenez, Mitchelle Chavez Solis, El Chinelo Produce, Inc., Virginia Sanchez-Gomez, and Benjamin Tarnowski (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, filed this class action on December 11, 2019.  (Compl., Dec. 11, 2019, Docket No. 2-1.)  Two days later they filed an amended complaint.  (1st Am. Compl., Dec. 13, 2019, Docket No. 8.)  And on June 5, 2020, Plaintiffs filed the now operative Second Amended Complaint.  (2nd Am. Compl., June 5, 2020, Docket No. 65.)

Defendants sell automobile insurance in Minnesota.  (*Id.* ¶ 32.)  Plaintiffs allege that Defendants entered into confidential contracts with certain health care providers under which the providers agreed not to bill Defendants for any treatment provided to someone insured by Defendants.  (*See id.* ¶¶ 2, 29.)  According to the Second Amended Complaint, Defendants did not disclose these agreements to Defendants' policyholders or to the public.  (*Id.* ¶ 2.)  Plaintiffs allege that these limitations violate Minnesota law and the terms of the policy contracts.  (*See id.* ¶¶ 4, 21–29, 39, 114, 118.)  Plaintiffs

-2-

brought class action claims on behalf of themselves and two classes against Defendants for violation of the Minnesota Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, and breach of contract. (*Id.* ¶¶ 82–119.) Plaintiffs seek a declaratory judgment that any contractual provision limiting coverage guaranteed either by the insurance policies or Minnesota law is void, an injunction prohibiting Defendants from enforcing any limitations that violate the policy terms or Minnesota law, and monetary damages. (*Id.* at 26–27.)

On June 19, 2020, Defendants filed their joint Answer to Plaintiffs' Second Amended Complaint. (Defs.' Joint Answer to 2nd Am. Compl., June 19, 2020, Docket No. 70.) This Answer included a list of Defendants' affirmative defenses. (*Id.* at 60–64.) This list did not include an affirmative defense based on the filed-rate doctrine from *Schermer v. State Farm Fire & Casualty Co.*, 721 N.W.2d 307 (Minn. 2006). (*See id.*)

On May 11, 2020, the Court issued a Pretrial Scheduling order. (1st Am. Pretrial Scheduling Order, May 11, 2020, Docket No. 60.) The deadline for filing motions to amend the pleadings was August 1, 2020. (*Id.* at 5.)

On August 24, 2021, Defendants filed a motion seeking relief from the August 1, 2020, motion-to-amend deadline and sought leave to amend their Answer to add an affirmative defense asserting that Plaintiffs' damages claims violate the filed-rate doctrine. (Defs.' Mot. to Amend, Aug. 24, 2021, Docket No. 248.) Plaintiffs opposed the motion. (Pls.' Mem. Opp. Mot. to Amend, Sept. 21, 2021, Docket No. 272.) After

reviewing the parties' submissions and hearing argument from the parties, the Magistrate Judge orally denied the motion and explained her reasoning on the record.  (Minute Entry, Oct. 12, 2021, Docket No. 279; Tr. at 43:24–63:11, Oct. 19, 2021, Docket No. 283.)

The Magistrate Judge found that Defendants did not show good cause to modify the scheduling order because Defendants were not diligent in seeking relief from the scheduling order.  (Tr. at 62:8–63:6.)  She concluded that Defendants did not demonstrate they were diligent because (1) Defendants were not diligent in their investigation of Plaintiffs' damages theories before the August 1, 2020 deadline, (2) that even if they were, they had sufficient information to assert the defense by March 30, 2021, and so were not diligent by waiting until August 2021 to assert it and (3) Defendants also received further information on July 12, 2021 that should also have put them on notice that Plaintiffs' damages claims might raise a filed-rate issue.  (Tr. at 48:21–57:23.)  Therefore, the Magistrate Judge denied Defendants' motion due to lack of diligence without considering other factors.  (Tr. at 62:17–63:6.)

Defendants appealed the order.  (Defs.' Objs. to Order, Oct. 26, 2021, Docket No. 288.)

## DISCUSSION

### I.   STANDARD OF REVIEW

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential."  *Skukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D.

Minn. 2007).  Reversal is only appropriate if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  For an order to be clearly erroneous, a reviewing court must be "left with the definite and firm conviction that a mistake has been committed."  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).  "[T]he district court has inherent power to review the final decision of its magistrates . . . ." *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975).

## II.   ANALYSIS

When a party seeks to amend a complaint outside of the applicable scheduling order, the Court must first find that there is good cause for doing so.  Fed. R. Civ. P. 16(b)(4); see also *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds by Avichail ex rel. T.A. v. St. John's Mercy Health Sys.*, 686 F.3d 548, 552 (8th Cir. 2012)).

According to Defendants, under the filed-rate doctrine, Minnesota law bars insureds from retroactively claiming that an insurer overcharged them and bars seeking a refund of premiums paid.[1]  (Defs.' Mem. Supp. Mot. at 1, Aug. 24, 2021, Docket No.

---

[1] The Court makes no findings as to the nature of the filed-rate doctrine or its applicability to this case.

251.)  Defendants contend that good cause is present because they were unaware of the need to assert the filed-rate defense until August 2, 2021, and acted diligently to file a motion to amend once they became aware and because factors other than diligence support a finding of good cause.

The Magistrate Judge's findings as to Defendants' diligence were not clearly erroneous.  First, as the Magistrate Judge noted, Plaintiffs requested discovery related to the amount of premiums paid before the motion to amend deadline.  For example, Plaintiffs requested in January 2020, and Defendants agreed to provide in April 2020, information on the premiums paid.  (Decl. of David W. Asp, Ex. 2 at 9–10, Ex. 3 at 4, 6, Sept. 21, 2021, Docket No. 273.)  As Defendants argued at the hearing, (Tr. at 8:10–12), the filed-rate doctrine is a well-known defense that it was aware of.  So, this request for premiums could have put Defendants on notice that Plaintiffs would seek to recover premiums, potentially in violation of the filed-rate doctrine.  Defendants further contend that Plaintiffs did not describe in detail their damages theories before the deadline, and instead asserted that they would provide additional information "at the completion of fact and expert discovery."  (Decl. of Marc A. Al, Ex. 1 at 3, Aug. 24, 2021, Docket No. 253.)  Even if Plaintiffs' requests and responses were insufficient to put Defendants on notice, Defendants could have, as the Magistrate Judge noted, sought to clarify Plaintiffs' answers to interrogatories.  They could also have sought to delay the motion to amend

deadline until they had more information on damages or until the relevant expert reports were exchanged.  Defendants did not do so before the August 1, 2020, deadline.

Second, it was not clearly erroneous to find that Defendants were on notice as of March 30, 2021, as to the possible need to raise a filed-rate defense.  Defendants contend that they should be granted relief because on August 2, 2021, Plaintiffs disclosed for the first time a method of deriving classwide damages that may violate the filed-rate doctrine.  (Defs.' Mem. Supp. Mot. at 3–4.)  In support of this, Defendants point to the merits report they received from Plaintiffs' expert Allan Schwartz that day.  (*See id.* at 3–5; Decl. of Marc A. Al, Ex. 3 ("Schwartz Merits Report"), Aug. 24, 2021, Docket No. 254.)  In this merits report, Schwartz creates a "Factor" that represents the impact Defendants' allegedly impermissible conduct had on the value of the policies and then multiplied that by the premiums paid.  (Schwartz Merits Report ¶¶ 13–14, 16, 64–66.)  Schwartz claims this is not a mechanism for requesting a premium refund or revising the premiums charged.  (*Id.* ¶ 15.)  Defendants argue, however, that it is a method for doing just that and is thus a violation of the filed-rate doctrine.  (Defs.' Mem. Supp. Mot. at 4.)

The record, however, supports a finding that the Defendants were reasonably put on notice that Schwartz may use premiums to calculate damages much earlier.  On March 30, 2021, Plaintiffs filed a declaration from Schwartz in support of their motion for class certification.  (1st Decl. of Allan I. Schwartz ("1st Schwartz Decl."), Mar. 30, 2021, Docket No. 133.)  In support of their motion, Plaintiffs specifically indicated that premiums paid

would be used for one method of calculating damages. (*Id.* ¶¶ 21–22; Mem. Supp. Mot. Certify Class at 32, Mar. 30, 2021, Docket No. 126.)  The basic formula Schwartz proposed using on March 30, 2021, is the same formula he used on August 2, 2021. (*Compare* 1st Schwartz Decl. ¶¶ 21–23, *with* Schwartz Merits Report ¶¶ 13–14, 16, 64–66.)

Defendants argue that Schwartz's damages calculation methodology was not revealed until August 2, 2021, and so they could not have been notice.  While this may have been true as to the exact details of the "Factor," Schwartz's use of the Defendants' premiums was unchanged from the March 30 Declaration.  He did not wait until August 2 to introduce a reliance on premiums.  Defendants even cite to Schwartz's March 30 Declaration in support of their motion to exclude Schwartz's testimony arguing that his theory would violate the filed-rate doctrine. (Defs.' Reply Mem. Supp. Defs.' Mot. Exclude at 12–13, Aug. 4, 2021, Docket No. 242.)

While Defendants may not have had all the details as to exactly how Schwartz would calculate his "Factor" until August 2, 2021, it was not clearly erroneous for the Magistrate Judge to find that Defendants had all the information they needed to have notice that a filed-rate defense may be applicable as of March 30, 2021.  The August 2 Schwartz Report has essentially the same information as his March 30 Declaration as it relates to his use of premiums to calculate damages.

Because the Magistrate Judge's findings that Defendants were sufficiently on notice by March 30, 2021, and that Defendants took no action to amend their pleading

until after August 2, 2021, are not clearly erroneous, it was also not clearly erroneous to find that Defendants were not diligent in pursuing relief from the scheduling order.

Defendants contend that the Magistrate Judge's consideration of good cause was contrary to law because the Magistrate Judge did not consider factors other than diligence. They argue proper good cause consideration required analysis of (1) Plaintiffs' role in Defendants' discovery of the need to plead the filed-rate doctrine; (2) the lack of authority on whether the doctrine should be affirmatively pled; (3) the importance of the doctrine to this case; and (4) lack of prejudice to Plaintiffs for the amendment.

Defendants correctly cite to *Portz v. St. Cloud State University*, No. 16-1115, 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017), for the proposition that diligence is not the only factor that can establish good cause. "[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order." *Id.* (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo*, 457 F.3d at 759. Other courts have also recognized additional factors. *See, e.g.*, *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) ("In determining good cause, we consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the

amendment; and (4) the availability of a continuance to cure such prejudice." (quotation omitted)).

*Portz*, however, cannot bear the weight Defendants try to put on it. Defendants assert *Portz* stands for the proposition that it is contrary to law to not consider other relevant factors beyond diligence. *Portz*, however, indicates only that a court is "permitted" to consider a broader range of factors. 2017 WL 3332220, at *3; *accord Marmo*, 457 F.3d at 759 (indicating a court "may also consider" other factors). Even though courts are permitted to consider a broader range, "[o]rdinarily, the Court will not consider other factors unless diligence has been established." *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. 17-2002, 2019 WL 79003, at *2 (D. Minn. Jan. 2, 2019) (citing *Sherman*, 532 F.3d at 717).

Still, even if the Court were to consider these factors, they do not warrant a finding that that the Magistrate Judge's decision was clearly erroneous.

First, even if Plaintiffs obfuscated their damages theories at times and, as a result, it was not clear whether there was a need to plead a filed-rate defense until after August 1, 2020, Defendants received sufficient information by March 30, 2021, to realize Plaintiffs' lack of clarity.[2] Yet Defendants did not act for another four months.

---

[2] Although the Court does not find that the Plaintiffs' representations are sufficient to overturn the Magistrate Judge's ruling, the Court notes that if Defendants believe at a later stage Plaintiffs are attempting to rely on evidence or a theory they specifically disclaimed throughout discovery, Defendants may file a motion to exclude such evidence and theories.

Defendants argue they believed there was no need to add the defense earlier in part because Schwartz disclaimed any potential filed-rate violation in his March 30 and July 12 reports.  However, the March 30, July 12, and August 2 reports all contained the same note that his method is not a mechanism for giving a premium refund or revising premiums.  (*Compare* 1st Schwartz Decl. ¶ 21 n.16, *with* Schwartz Merits Report ¶ 15, *and* 2nd Decl. of Allan I. Schwartz ¶ 6 n.3, July 12, 2021, Docket No. 213.)  Defendants do not explain why they could not see through this representation in March but could in August—even though both reports relied on premiums.

Second, to the extent there is uncertainty over whether the filed-rate doctrine must be pled as an affirmative defense, this has been unchanged over the course of this litigation.[3]  Indeed, the most recent case Defendants cite in support of their contention that the issue is unresolved is from 2014.  (*See* Defs.' Mem. Supp. Mot. at 3 n.2.) Therefore, it cannot provide a basis for good cause here.  *Cf. Shank v. Carleton Coll.*, 329 F.R.D. 610, 615 (D. Minn. 2019) (finding good cause in part because the state of the law "was in flux around the time of the original motion-to-amend deadline").  And Defendants acknowledged they were aware of the defense.

Third, while the filed-rate doctrine may be important to the resolution of this case, to find that an important issue could establish good cause would, as the Magistrate Judge

---

[3] The Court makes no findings as to whether the filed-rate doctrine must be pled as an affirmative defense at this time.

discussed, (*see* Tr. at 47:8–48:8), render scheduling orders meaningless on important issues. *See Sherman*, 532 F.3d at 716.

Finally, although Defendants contend allowing an amendment would not have prejudiced Plaintiffs, granting the Motion may prejudice Plaintiffs. They may need to seek additional discovery, requiring relief from the scheduling order and it may necessitate splitting the damages class into multiple classes based on different damages theories.

In sum, the Magistrate Judge did not err in finding that Defendants did not show good cause for relief from the scheduling order. As such, the Magistrate Judge did not clearly err in denying Defendants' Motion. The Court will thus overrule Defendants' appeal and affirm the Magistrate Judge's decision.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Objections to Magistrate Judge's Order [Docket No. 288] is **DENIED**, and the Magistrate Judge's Order [Docket No. 279] is **AFFIRMED**.

Dated: October 24, 2022                    s/John R. Tunheim_____
                                           JOHN R. TUNHEIM
                                           United States District Judge