# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TAQUERIA EL PRIMO LLC, VICTOR MANUEL DELGADO JIMENEZ, MITCHELLE CHAVEZ SOLIS, BENJAMIN TARNOWSKI, EL CHINELO PRODUCE, INC., and VIRGINIA SANCHEZ-GOMEZ, individually and on behalf of all others similarly situated, | Civil No. 19-3071 (JRT/ECW) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER CLARIFYING CLASS CERTIFICATION ORDER** |
| v. | |
| ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., TRUCK INSURANCE EXCHANGE, FARMERS INSURANCE COMPANY, INC., and MID-CENTURY INSURANCE COMPANY, | |
| Defendants. | |

Anne T. Regan and Nathan D. Prosser, **HELLMUTH & JOHNSON PLLC**, 8050 West Seventy-Eighth Street, Edina, MN 55439; David W. Asp, Derek C. Waller, Jennifer Jacobs, Kristen G. Marttila, and Stephen Matthew Owen, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076, for plaintiffs.

Emily C. Atmore, John Katuska, and Marc A. Al, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; Timothy W. Snider, **STOEL RIVES LLP**, 760 Southwest Ninth Avenue, Suite 3000, Portland, OR 97205, for defendants.

Defendants Illinois Farmers Insurance Co.; Farmers Group, Inc.; Trucker Insurance Exchange; Farmers Insurance Company, Inc.; Farmers Insurance Exchange Company; and Mid-Century Insurance Company (collectively "Defendants") request that the Court clarify its Class Certification Order in the event that the Court did not intend to certify an ongoing Damages Class or, in the alternative, to amend the certified class to specify an end date of December 28, 2021, for class membership.  Because there is no clerical error related to the end date for membership, and because the Damages Class is ascertainable via objective criteria, the Court will deny Defendants' motion.

## BACKGROUND

Plaintiffs, on behalf of themselves and others similarly situated, initiated this class action in 2019.  (Compl., Dec. 11, 2019, Docket No. 2-1.)

Defendants sell automobile insurance in Minnesota.  (*Id.* ¶¶ 18, 32.)  Plaintiffs allege that Defendants entered into confidential contracts with certain health care providers under which the providers agreed not to bill Defendants for any treatment provided to individuals insured by Defendants.  (*See id.* ¶¶ 2, 29.)  According to Plaintiffs, Defendants did not disclose these agreements to Defendants' policyholders or to the public.  (*Id.* ¶ 2.)  Plaintiffs allege that these limitations violate Minnesota law and the terms of the policy contracts.  (*See id.* ¶¶ 4, 21–29, 39, 114, 118.)  In addition to damages, Plaintiffs seek a declaratory judgment that any contractual provision limiting coverage guaranteed either by the insurance policies or Minnesota law is void, and an injunction

prohibiting Defendants from enforcing any limitations that violate the policy terms or Minnesota law.  (*Id.* ¶¶ 78–81, 104.)

On March 30, 2021, Plaintiffs moved for class certification.  (Mot. Class Cert. & App't of Class Reps. & Class Counsel ("Class Cert. Mot."), Mar. 30, 2021, Docket No. 124.) Plaintiffs proposed a "Damages Class" defined as:

> All persons or entities who purchased an insurance policy on or after January 17, 2013 within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No Fault Act.

(*Id.* at 1–2.)  Plaintiffs also proposed a nearly identical "Injunctive Class" with the additional requirement for membership that class members continue to maintain their policy.  (*Id.* at 2.)

On December 28, 2021, the Court certified a Damages Class and an Injunctive Class under Plaintiffs' Minnesota Consumer Fraud Act claim with nearly identical language to Plaintiffs' proposed classes.  The Damages Class was defined as:

> All persons or entities or [sic] purchased an insurance policy on or after January 17, 2013 within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No Fault Act.

(Class Certification Order at 64, Dec. 28, 2021, Docket No. 318.)

Defendants sought permission from the Eighth Circuit to appeal the order certifying the classes.  *See generally* Pet. Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f), Taqueria El Primo LLC v. Farmers Group, Inc., Docket No. 22-8002 (8th Cir. Jan. 11,

2022).  The interlocutory appeal was considered and denied.  Judgement, Taqueria El Primo LLC v. Farmers Group, Inc., Docket No. 22-8002 (8th Cir. Apr. 14, 2022).

After the Class Certification Order, the parties met and conferred and on February 28, 2022, Defendants produced the bulk of the class member information.  (Decl. Timothy W. Snider ("Snider Decl.") ¶ 6, Oct. 12, 2022, Docket No. 525.)  A few days later, Defendants supplemented that information with additional plaintiffs on March 2, 2022.  (*Id.*)  The parties have identified approximately 250,000 potential class members between January 17, 2013, through December 17, 2021, which was the most recent date that premium and policy holder data was available prior to the Class Certification Order.  (*Id.* ¶ 7; Snider Decl., Ex. 1, at 1, Oct. 12, 2022, Docket No. 525-1.)  The parties have been able to gather email addresses for at least 55% of the class members and continue to gather more emails by combining existing databases with information provided by Farmers.  (Decl. Richard W. Simmons, ¶¶ 19, 24–25, Docket No. 450.)

On September 23, 2022, the Court approved Class Counsel's notice program, as required under Rule 23.  (Mem. Op. Order Grant Pls.' Mot. Approval Class Notice Modified at 17–21, Sept. 23, 2022, Docket No. 521.)

In the course of coordinating the class notices, a dispute arose about whether the Court intended to certify an ongoing Damages Class.  Defendants now seek to clarify whether the class certification order had an implicit end date or, in the alternative, seek to amend the Class Certification Order to set an end date of December 28, 2021.  (Mem.

Supp. Defs.' Mot. Clarification at 26, Oct. 12, 2022, Docket No. 524.)  Plaintiffs oppose Defendants' motion because they specifically proposed an ongoing Damages Class, which they argue the Court approved by not including an end date in the Class Certification Order. (*See generally* Mem. Opp. Defs.' Mot. Clarification, Oct. 19, 2022, Docket No. 531.)

**DISCUSSION**

## I.    CLARIFICATION

Defendants urge the Court to utilize its authority under Federal Rule Of Civil Procedure 60(a) to clarify the Class Certification Order and correct an oversight or omission.  Rule 60(a) authorizes the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  However, the absence of a specific end date in the certified Damages Class was not an oversight by the Court because the Court did not intend to set an end date to class membership.

However, Rule 60(a) does provide the Court with the power to fix an apparent typographical mistake in the Damages and Injunctive Classes, which does not alter the composition of the classes.  The classes will therefore read as follows:

Damages Class:

> All persons or entities **that** purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No Fault Act.

Injunctive Class:

> All persons or entities **that** purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No Fault Act, and who maintain that policy.

## II.   AMENDMENT

In the alternative, Defendants argue that the lack of an end date makes the class unascertainable and urge the Court to amend the certified Damages Class to add an end date. The Court disagrees and will deny the motion.

The Eighth Circuit has not specifically addressed the issue of whether an ongoing class action can be ascertainable, instead it adheres to a rigorous analysis of the Rule 23 requirements, which includes that a class "must be adequately defined and clearly ascertainable." *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (citing *Ihrke v. N. States Power Co.*, 459 F.2d 566, 573 n.3 (8th Cir. 1972) *vacated due to mootness*, 409 U.S. 815 (1972)).[1] The Eighth Circuit has found a class to be ascertainable when there are "objective indicator[s]" available to determine who belonged to the class. *Id.* at 997.

The Court has already conducted the rigorous analysis required under Rule 23 to certify the Damages Class, Defendants sought permission to appeal that decision, and the

---

[1] In *Sandusky,* the Eighth Circuit reversed the district court's decision to deny class certification. *Id.* at 998. Although not the central reason for the reversal, the class at issue did not have a set end date, and the defendants specifically argued that it was not ascertainable, albeit for different reasons.

Eighth Circuit denied the petition.  Although the Court did not explicitly address the issue at hand in its Class Certification Order, the members of the certified class are clearly and objectively identifiable as required by law.  In fact, more than 250,000 class members have already been identified using readily available data from Defendants.

Given that the alleged conduct is ongoing, the fact that additional members may be added to the Damages Class does not mean that class members cannot be objectively identified.  *See e.g., Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010) ("The inclusion of future class members in a class is not itself unusual or objectionable."); *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986) ("The fact that the class includes future members does not render the class definition so vague as to preclude certification.").

Despite Defendants' assertion that the lack of an end date is dispositive as to whether a class without an end date is ascertainable, that is not the case.  In fact, courts routinely approve ongoing classes when appropriate.  *See e.g., Jaunich v. State Farm Life Ins. Co.*, 569 F. Supp. 3d 912, 919 (D. Minn. 2021) (certifying a class without an end date); *Vogt v. State Farm Life Ins.*, No. 2:16-cv-04170, 2018 WL 1955425, at *8 (W.D. Mo. Apr. 24, 2018) (same), *aff'd* 963 F.3d 753, 765–69 (8th Cir. 2020).

Additionally, Defendants' concern that the class will become unmanageable is unfounded.  First, because the Court has also certified an Injunctive Class, membership in the class will either be limited if the practices are found to be unlawful—and therefore

must cease—or the practice will be upheld, and the issue of the Damages Class will be moot.  Second, the class is not unmanageable simply because there is no set end date. Assuming that the Defendants continue to sell the policies at issue, the Court can update the class notice as necessary.  The parties have already agreed to objective criteria to determine who is a member of the class and developed a reasonable plan to provide notice to those members.  In fact, Defendants have already supplemented the class list. Clearly, it is possible to add class members as necessary.

Of course, potential class members must have the opportunity to opt out before the conclusion of this litigation.  Plaintiffs have proposed a plan to provide notice to additional class members as they are identified.[2]  The Court directs the parties to meet and confer so that Defendants have the opportunity to propose their own plan and to jointly propose to the Court how additional class members should be identified.

## CONCLUSION

Because the Court did not intend to set an end date for class membership, and because the ongoing nature of the Damages Class does not make it unascertainable, the Court will deny the Defendants' motion.

---

[2] (*See* Pls.' Mem. Opp. Defs.' Mot. Clarification of Class Cert. at 28 nn.9–10, Oct. 19, 2022, Docket No. 531.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Clarification of Orders on Class Certification and Class Notice or, in the Alternative, for Amendment of the Orders [Docket No. 523] is **DENIED**.


DATED:  January 17, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge