UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TAQUERIA EL PRIMO LLC, VICTOR MANUEL DELGADO JIMENEZ, MITCHELLE CHAVEZ SOLIS, BENJAMIN TARNOWSKI, EL CHINELO PRODUCE, INC., and VIRGINIA SANCHEZ-GOMEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS FARMERS INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS GROUP, INC., TRUCK INSURANCE EXCHANGE, and MID-CENTURY INSURANCE COMPANY,<br><br>Defendants. | Civil No. 19-3071 (JRT/ECW)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

Anne T. Regan and Nathan D. Prosser, **HELLMUTH & JOHNSON PLLC**, 8050 West Seventy-Eighth Street, Edina, MN 55439; David W. Asp, Derek C. Waller, Jennifer Jacobs, Kristen G. Marttila, and Stephen Matthew Owen, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Paul J. Phelps, **SAWICKI & PHELPS**, 5758 Blackshire Path, Inver Grove Heights, MN 55076, for Plaintiffs.

Emily C. Atmore, John Katuska, and Marc A. Al, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402; Timothy W. Snider, **STOEL RIVES LLP**, 760 Southwest Ninth Avenue, Suite 3000, Portland, OR 97205, for Defendants.

Defendants Illinois Farmers Insurance, Farmers Insurance Exchange, Farmers Group, Inc., Truck Insurance Exchange, and Mid-Century Insurance Company (collectively

"Farmers") request a stay of further proceedings pending their appeal of the Court's injunction and underlying rulings that Defendants violated the Minnesota Uniform Deceptive Trade Practices Act ("MDTPA"). Farmers argues that a stay is mandatory because the Court lacks jurisdiction to adjudicate Plaintiffs' remaining Minnesota Consumer Fraud Act ("MCFA") claims, or in the alternative that the Court should exercise its inherent power to issue a stay pending the resolution of the appeal. Because a stay is neither mandatory nor the better exercise of the Court's discretion, the Court will deny Farmers' Motion to Stay Proceedings.

## BACKGROUND

Because the Court thoroughly explained the factual and procedural history of this case in its September 13, 2023 Order, it will only summarize the history relevant to this Motion to Stay Proceedings. *See Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, No. 19-3071, 2023 WL 5960237, at *2–3 (D. Minn. Sept. 13, 2023). Plaintiffs represent a Damages Class and an Injunctive Class who brought claims against Farmers under the Minnesota Consumer Fraud Act ("MCFA"), Minnesota Uniform Deceptive Trade Practices Act ("MDTPA"), and for breach of contract.[1] *Id.* at *1. Plaintiffs allege that Farmers entered into billing limitation agreements with healthcare providers in violation of the Minnesota

---

[1] The Court granted summary judgment for the Plaintiffs on the breach of contract claim, but that is not an issue here. *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, No. 19-3071, 2023 WL 5960237, at *22–23 (D. Minn. Sept. 13, 2023).

No-Fault Automobile Insurance Act (the "No-Fault Act").  *Id.*  At the conclusion of discovery, the parties both moved for summary judgment.  *Id.*

In its September 13, 2023 Order, the Court concluded that the billing limitation agreements entered into by Farmers violate the No-Fault Act because they constitute preestablished limitations on medical expense benefits and have the same effect of managed care services in violation of the statute.  *Id.* at *13–14.  After determining that the billing limitations violate the No-Fault Act, the Court then assessed the MDTPA and MCFA claims.

First, the Court determined that, because the billing limitations violate the No-Fault Act, continuing to enforce the billing limitations violates the MDTPA because Farmers can no longer certify that its policies comply with the No-Fault Act.  *Id.* at *22.  Accordingly, the Court granted summary judgment to the Injunctive Class on its MDTPA claims and enjoined Farmers from entering or enforcing such agreements with providers.  *Id.*  Farmers immediately appealed the injunction, which is currently pending with the Eighth Circuit.  (Notice of Appeal, Sept. 20, 2023, Docket No. 665.)

Second, the Court determined that the Damages Class's MCFA claims are actionable because the billing limitations were material as a matter of law and because the confidentiality and nature of the billing limitations constitute special circumstances that gave rise to a legal or equitable duty on Farmers to disclose them to Plaintiffs under Minnesota law.  *Id.* at *15–17.  However, the Court denied partial summary judgment to

Plaintiffs on their MCFA claims because it found that issues of fact remain as to (1) whether Plaintiffs can prove a causal nexus between the billing limitations and any damages that may exist; and (2) whether the public would benefit from Plaintiffs' challenge to Farmers' practices. *Id.* at *17–18, 23. Farmers' Motion to Stay Proceedings relates specifically to the remaining factual questions on the MCFA claims.

After filing its appeal, Farmers moved to stay further proceedings pending resolution of its appeal. (Defs.' Mot. to Stay, Sept. 26, 2023, Docket No. 671.) Plaintiffs oppose a stay and ask the Court to deny the Motion. (Pls.' Resp. Opp'n Defs.' Mot. to Stay, Oct. 10, 2023, Docket No. 684.)

**DISCUSSION**

Because Farmers' interlocutory appeal on the injunction under the MDTPA is pending with the Eighth Circuit, Farmers asks the Court to stay proceedings of the MCFA claims. Farmers primarily argues that a stay pending appeal is mandatory because the rulings on which the injunction is based are intrinsically intertwined with the Court's MCFA rulings, and thus also under review on appeal. In the alternative, Farmers asks the Court to exercise its inherent power to issue a stay pending the appeal.

**I.      MANDATORY STAY**

It is well-established that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Thus, once a notice of appeal is filed, a district court is ordinarily divested of its jurisdictional power over "those aspects

of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs*, 459 U.S. at 58).

Yet, the rule regarding jurisdictional transfer is "not absolute;" it only divests the district court over aspects of the case that are in the appeal. *Follis v. Minnesota*, No. 08-1348, 2008 WL 5424127, at *3 (D. Minn. Dec. 29, 2008) (citations omitted). Indeed, a district court retains jurisdiction over parts of the case that are not involved in the appeal, so long as the district court takes no action that would "alter the status of the case as it rests before the Court of Appeals." *Mille Lacs Band of Ojibwe v. Cnty. of Mille Lacs, Minn.*, No. 17-5155, 2021 WL 1400069, at *2 (D. Minn. Apr. 14, 2021) (citations omitted). As a result, a district court may proceed with other remaining matters in the case, especially matters that are collateral or tangential to the appeal. *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. 1963) (citations omitted); *Follis*, 2008 WL 5424127, at *3.

Here, Farmers maintains that a stay is mandatory because the appeal encompasses the Court's conclusions that (1) Farmers violated the No-Fault Act, (2) the billing limitations are material as a matter of law, and (3) Farmers owed a duty to disclose the billing limitations. Farmers asserts that these three conclusions are elements of the MDTPA claim.

As an initial matter, whether Farmers' billing limitations violate the No-Fault Act is a pivotal question on appeal. The Court concluded that because the billing limitations violate the No-Fault Act, Farmers' continuing to enforce the billing limitations violates the

MDTPA because Farmers can no longer certify that its policies comply with the No-Fault Act. Consequently, in reviewing the MDTPA injunction on appeal, it is true that the Eighth Circuit may resolve whether Farmers violated the No-Fault Act. It is also true that the Court's conclusions regarding Farmers' violations of the No-Fault Act underlie both the MDTPA and MCFA claims.[2] But proceeding with the litigation on the MCFA claims will not modify the Court's conclusions of law that Farmers violated the No-Fault Act. While the remaining claims relate to the No-Fault Act violations, that issue is settled in the District Court such that it can be independently evaluated by the Court of Appeals. Therefore, although whether Farmers violated the No-Fault Act is an issue under review on appeal, proceeding with the litigation will not change the conclusions that the Eighth Circuit is reviewing on appeal. *Mille Lacs*, 2021 WL 1400069, at *2.

Farmers asserts that the conclusions of the Court all relate to the MDTPA claim; however, the elements for the MDTPA and the MCFA claims are distinct.[3] There is

---

[2] The Court determined that because the billing limitations violate the No-Fault Act, Farmers' failure to disclose the billing limitations to insureds or the State of Minnesota was material as a matter of law. *See Taqueria*, 2023 WL 5960237, at *15. In addition, the Court found that special circumstances triggered Farmers' duty to disclose the billing limitations. *Id.* at *16–17.

[3] An MDTPA claim requires proof that Farmers' misrepresentations about the billing limitations created a likelihood of confusion and a likelihood of future harm due to the allegedly deceptive practices. *See Gardner v. First Am. Title Ins. Co.*, 296 F. Supp. 2d 1011, 1014 n.2, 1020 (D. Minn. 2003); Minn. Stat. § 325D.44, subd. 1 (defining deceptive trade practices under the Act); *see also Taqueria*, 2023 WL 5960237, at *21. Meanwhile, an MCFA claim requires proof that (1) failing to disclose the billing limitations amounted to a fraud or misrepresentation, (2) Farmers purposefully withheld that information from Plaintiffs, (3) Plaintiffs were injured because of that omission, and (4) enforcing Plaintiffs' claim benefits the public. *See Graphic*

certainly overlapping factual analysis, but that does not merge the legal requirements. Materiality and duty to disclose are elements of MCFA claims, but MDTPA claims have no explicit materiality requirement; nor do they require establishing a duty to disclose. More importantly, the Court's conclusions that Farmers violated the MDTPA did not depend on finding that Farmers had a duty to disclose. The Court concluded that the billing limitations violate the No-Fault Act because they constitute preestablished limitations on medical expense benefits and have the same effect as managed care services in violation of the statute. These statutory violations resulted in the Court determining that Farmers would be in violation of the MDTPA if it continued to certify that its policies comply with the No-Fault Act.[4] Moreover, the remaining elements of the MCFA claim—causal nexus, public benefit, and damages—are not elements of MDTPA claims. The jurisdictional transfer rule only divests the district court of its jurisdiction over aspects of the case that are **in the appeal**. *See Follis*, 2008 WL 5424127, at *3. Whether the billing limitations are material and whether Farmers had a duty to disclose relate specifically to the legal conclusions of the MCFA claim, which is not under review on appeal. Because proceeding on the remaining elements of the MCFA claim will not impact the Eighth Circuit's ability

---

*Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 693 (Minn. 2014); *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000); *see also Taqueria*, 2023 WL 5960237, at *15.

[4] *See Taqueria*, 2023 WL 5960237, at *13–14, 22 ("Because the Court has concluded that the billing limitations violate the No-Fault Act, the Court also finds that continuing to enforce the billing limitations constitutes a violation of the MDTPA because Farmers can no longer certify that its policies comply with the No-Fault Act.").

to independently review the issues on appeal, staying the litigation pending the appeal is not mandatory.

## II.    DISCRETIONARY STAY

The Court has broad discretion to stay further proceedings "to control its docket, to conserve judicial resources, and to ensure that each matter is handled 'with economy of time and effort for itself, for counsel, and for litigants.'" *Parada v. Anoka Cnty.*, No. 18-795, 2020 WL 6488794, at *2 (D. Minn. Nov. 4, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). In exercising such discretion, a court contemplates four factors: "(1) the likelihood that the stay applicant will succeed on the merits of its appeal; (2) whether the denial of a stay will irreparably harm the moving party; (3) whether issuance of a stay will substantially injure the non-moving party; and (4) the public interest." *Pederson v. Trump*, No. 19-2735, 2020 WL 4288316, at *5 (D. Minn. July 26, 2020) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A discretionary stay disrupts the normal course of administrative and judicial review, so it is not guaranteed as of right. *Id.* The party moving to stay the proceedings "bears the burden of establishing its need." *Parada*, 2020 WL 6488794, at *2 (quotation omitted).

Here, Farmers has failed to meet its burden to demonstrate the need to stay the proceedings pending the appeal. Farmers has not established any irreparable harm by proceeding with the litigation, instead arguing that it would merely be burdensome to spend time and money to litigate the remaining issues while the appeal is pending.

However, such burdens are not irreparable harm and insufficient to justify a stay. *See Medtronic Sofamor Danek, Inc. v. Gannon*, No. 17-943, 2017 WL 5135556, at *4 (D. Minn. Nov. 3, 2017); *Pederson*, 2020 WL 4288316, at *5 (holding cost and inconvenience do not rise to the level of "certain and great" harm justifying a stay). Although the Eighth Circuit's decision on the appeal may impact the ultimate result in the litigation, the Court sees no reason why it is not in the interest of the Court's and parties' time and resources to proceed to a resolution of the MCFA claims, especially since nearly four years have passed since Plaintiffs initiated this action and the case is getting old. There is no guarantee when the Court of Appeals will rule on the appeal. Therefore, proceeding on the MCFA claims is the better exercise of its discretion.

## CONCLUSION

Although Farmers' interlocutory appeal is pending with the Eighth Circuit, the MCFA claims can and should proceed without further delay. Proceeding with the litigation on the MCFA claims will not alter the case before the Eighth Circuit or conflict with aspects of the case involved in the appeal. Furthermore, proceeding to a resolution of the MCFA claims is in the interest of the Court's and parties' time and resources. Accordingly, the Court will deny Farmers' Motion to Stay Proceedings.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay Trial Proceedings Pending Appeal [Docket No. 671] is **DENIED**.

DATED:  December 11, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge