UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TAQUERIA EL PRIMO LLC; VICTOR MANUEL DELGADO JIMENEZ; MITCHELLE CHAVEZ SOLIS; EL CHINELO PRODUCE, INC.; VIRGINIA SANCHEZ-GOMEZ; and BENJAMIN TARNOWSKI; *on behalf of themselves and others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS GROUP, INC.; TRUCK INSURANCE EXCHANGE; FARMERS INSURANCE COMPANY, INC.; FARMERS INSURANCE EXCHANGE; ILLINOIS FARMERS INSURANCE COMPANY; and MID-CENTURY INSURANCE COMPANY,<br><br>Defendants. | Civil No. 19-3071 (JRT/ECW)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS AND APPROVAL OF NOTICE PLAN AND CLAIMS PROCESS** |

The Court, having reviewed Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants and Approval of A Notice Plan and Claims Process ("Motion"), finds that Plaintiffs El Chinelo Market, LLC; Taqueria El Primo LLC; Victor Manuel Delgado Jimenez; Mitchelle Chavez Solis; El Chinelo Produce, Inc.; Virginia Sanchez-Gomez; and Benjamin Tarnowski (collectively "Plaintiffs"), both individually and as representatives of the Damages Class and Injunctive Class previously certified by the Court in this action (collectively, the "Settlement Class"), have reached a proposed Settlement of their claims against Farmers Group, Inc.; Truck Insurance Exchange;

Farmers Insurance Company, Inc.; Farmers Insurance Exchange; Illinois Farmers Insurance Company; and Mid-Century Insurance Company (collectively "Defendants"). All capitalized terms used in this Order that are defined in the Parties' Long-form Settlement Agreement Between Plaintiffs and Defendants ("Settlement Agreement") are, unless otherwise defined herein, used as defined in the Settlement Agreement. The Court, having reviewed the Motion, its accompanying memorandum, declarations and exhibits thereto, the proposed Settlement Agreement, and the file, hereby **ORDERS AND ADJUDGES:**

### Preliminary Approval of the Settlement Agreement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, meets all factors under Federal Rule of Civil Procedure Rule 23(e)(2) and will likely be granted Final Approval by the Court, subject to further consideration at the Court's Fairness Hearing. The Court finds the Settlement set forth in the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Rules 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

**Class Certification**

2. The Settlement was entered into on behalf of the Damages Class and Injunctive Class certified by this Court under Rule 23(b)(3) and Rule 23(b)(2) respectively in this litigation on December 28, 2021 (Docket No. 318) and modified by the Court on January 17, 2023 (Docket No. 539) (collectively, the "Settlement Class").

   a. The Damages Class refers to: All persons or entities that purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No-Fault Act.

   b. The Injunctive Class refers to: All persons or entities that purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No-Fault Act, and who maintain that policy.

3. The Settlement Class Period is January 17, 2013, through September 13, 2023.

4. In the event the Settlement is not granted Final Approval by this Court or is otherwise terminated by the parties in accordance with the terms of their Settlement Agreement, this Order granting Preliminary Approval of the Settlement shall be vacated and the parties will be restored to their respective positions as if no Settlement had occurred.

5. The Court previously appointed the law firms of Lockridge Grindal Nauen PLLP, Helmuth & Johnson P.L.L.C., and Sawicki & Phelps, P.A. as Class Counsel for the Damages Class and Injunctive Class. (*See* Cert. Order at 62, Docket No. 318.)

6. The Court previously appointed Plaintiffs Taqueria El Primo LLC; Mitchelle Chavez Solis; El Chinelo Produce, Inc.; Virgina Sanchez-Gomez, Benjamin Tarnowski, and El Chinelo Market LLC as Class Representatives for the Damages Class. (*See* Cert. Order at 61, Docket No. 318.) The Court previously appointed Virginia Sanchez-Gomez and El Chinelo Market LLC as Class Representatives for the Injunctive Class.

**Approval of the Notice Plan**

7. The Court appoints Analytics Consulting LLC as the Settlement Administrator for the Settlement Class. Previously the Court appointed Analytics Consulting at the Class Notice Administrator in this litigation. (*See* Notice Order at 18, Docket No. 521.)

8. The Court appoints The Huntington National Bank to serve as the Escrow Agent and provide escrow services for the Settlement Class.

9. The Court hereby directs notice to be distributed to the Settlement Class pursuant to Rules 23(e)(1) and (c)(2), including with respect to the claims process for distribution of the Settlement Fund.

10. The proposed notice plan set forth in the Motion, and the supporting documents, is substantially similar to the notice plan approved by this Court to provide notice of the class certification. (*See* Docket No. 521). The notice plan complies with Rule 23(c)(2)(B)

and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via e-mail and mail to all Settlement Class members who can be identified through reasonable effort.

11. The proposed notice documents: Long Form Notice (**Exhibit A**), Short Form Notice (**Exhibit B**), and Claim Form (**Exhibit C**) (collectively, "Settlement Class Notice"), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices, forms, and manner of transmission are reasonably calculated to adequately apprise Settlement Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; and (v) the binding effect of a class judgment on Settlement Class members under Rule 23(c)(3). Additionally, the notices adequately notify the class regarding a claims process for the Settlement and of how to object to the forthcoming motion for payment of interim attorneys' fees, litigation expenses, and service awards. Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave from the Court.

12. The Settlement Administrator shall cause the Long Form Notice and Claim Form to be e-mailed on or before 21 days after this Order is issued to all Settlement Class members at the e-mail address previously provided to Plaintiffs by Defendants or who otherwise can be identified through reasonable efforts of the Settlement Administrator.

13. The Settlement Administrator shall cause the Short Form Notice and Claim Form to be mailed via the United States Postal Service on or before 21 days after this Order is issued to all Class Members at the address previously provided to Plaintiffs by Defendants as updated via the Notice Plan that a valid email address has not been identified through reasonable efforts.

14. The Settlement Administrator shall continue to maintain and operate the current case-specific toll-free telephone number and website in this matter.  As part of that operation, the Settlement Administrator shall update the website with copies of the Long Form Notice and Short Form Notice, and other current material from this Action.  The Settlement Administrator shall receive calls from the toll-free telephone line and respond appropriately to inquiries regarding the Settlement Agreement.

**Schedule of Class Noice and Final Approval Hearing**

15. The Court hereby sets the schedule below for the dissemination of notice to members of the Settlement Class, for members of the Settlement Class to object to the Settlement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the parties will not be required to provide any additional

notice to Settlement Class members. The Fairness Hearing may take place remotely, including via telephone or video conference.

| **DATE** | **EVENT** |
|---|---|
| **Monday, March 24, 2025** | Defendants shall file via ECF confirmation of its provision of notice to government regulators pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 |
| **Monday, April 21, 2025** | Settlement Administrator to commence implementation of the notice plan |
| **Friday, June 6, 2025** | Class Counsel to file petition seeking payment of attorney's fees, litigation costs, and service awards |
| **Friday, June 20, 2025** | Last day for Settlement Class members to: (1) request exclusion from the Settlement Class; (2) file claim form; (3) file objections to Class Counsel's motion for payment of attorney's fees, litigation costs, and service awards |
| **Friday, June 27, 2025** | Class Counsel to provide Defendants with a list of Opt-Outs who have timely and validly requested exclusion from the Settlement Class |
| **Monday, July 21, 2025** | Last day for Settlement Class member who has not requested exclusion from the Settlement Class to file objection to the Settlement and file notice of intention to appear at the Fairness Hearing |
| **Tuesday, August 5, 2025** | Class Counsel shall file a motion for Final Approval of the Settlement and all supporting papers and update the Court regarding the status of the claims process<br><br>Class Counsel shall file an update with the Court regarding any objections to the request for payment of attorney's fees, litigation costs, and service awards |

| **Tuesday, August 19, 2025 at 10:00 a.m.** | Fairness Hearing regarding (1) Final Approval of the Settlement Agreement, (2) Class Counsel's motion for payment of attorneys' fees, litigation costs, and service awards, and (3) status of the claims process |
|---|---|

DATED:  March 31, 2025                                       s/John R. Tunheim
at Minneapolis, Minnesota.                                  JOHN R. TUNHEIM
                                                         United States District Judge