# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Taqueria El Primo LLC, Victor Manuel Delgado Jimenez, Mitchelle Chavez Solis, Benjamin Tarnowski, El Chinelo Produce, Inc., Virginia Sanchez-Gomez | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 19-cv-03071-JRT-ECW |
| Illinois Farmers Insurance Company, Farmers Insurance Exchange, Farmers Group, Inc., Truck Insurance Exchange, Mid-Century Insurance Company | |
| Defendant(s), | |
| Amicus. | |
| Voices for Racial Justice, Health Access MN, CLUES, Coalition Against Insurance Fraud | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs' Motion is hereby GRANTED pursuant to Fed. R. Civ. P. 23(e) because it is fair, reasonable, and adequate to Settlement Class.

2. The Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the parties to the Settlement Agreement, including all members of the Settlement Class and all Defendants.

3. Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

4. The Court adopts and incorporates herein all findings made under Fed. R. Civ. P. 23 its it Preliminary Approval Order (ECF No. 783).

5. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating complex class actions.

7. The Settlement was entered into on behalf of the Damages Class and Injunctive Class certified by this Court under Rule 23(b)(3) and Rule 23(b)(2) respectively in this litigation on December 28, 2021 (ECF No. 318) and modified by the Court on January 17, 2023 (ECF No. 539) (collectively, the "Settlement Class").

> a. The Damages Class refers to: All persons or entities that purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical expense benefits under Minnesota's No-Fault Act.

> b. The Injunctive Class refers to: All persons or entities that purchased an insurance policy on or after January 17, 2013, within the State of Minnesota from any of the Defendant Insurers that provided for medical

expense benefits under Minnesota's No-Fault Act, and who maintain that policy.

8. The Settlement Class Period is January 17, 2013, through September 13, 2023.

9. The Court previously appointed the law firms of Lockridge Grindal Nauen PLLP, Helmuth & Johnson P.L.L.C., and Sawicki & Phelps, P.A. as Class Counsel for the Damages Class and Injunctive Class. (*See* Cert. Order at 62, Docket No. 318.)

10. The Court previously appointed Plaintiffs Taqueria El Primo LLC; Mitchelle Chavez Solis; El Chinelo Produce, Inc.; Virgina Sanchez-Gomez, Benjamin Tarnowski, and El Chinelo Market LLC as Class Representatives for the Damages Class. (See Cert. Order at 61, Docket No. 318.) The Court previously appointed Virginia Sanchez-Gomez and El Chinelo Market LLC as Class Representatives for the Injunctive Class.

11. The Escrow Account, into which Defendants has deposited a total of $1,950,000.00 as the Settlement Amount within 10 business days of the Effective Date as defined in the Settlement Agreement, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

12. This Court hereby dismisses on the merits and with prejudice all Claims in the Plaintiffs' action against Defendants, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

13. The Release in the Settlement Agreement is incorporated herein and the Releasing Plaintiffs shall, by operation of law, be deemed to have released the Released Defendants from the Released Claims. All entities who are Releasing Plaintiffs (as defined in the Settlement Agreement) or who purport to assert claims on behalf of the Releasing Plaintiffs are hereby and forever barred and enjoined from commencing, prosecuting, or continuing, against the Released Defendants, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released

Claims as defined in the Settlement Agreement.

14. The Released Defendants are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Plaintiffs had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement and Class Counsel's Motion for Payment of Attorneys' Fees, Litigation Expenses, and Service Awards (ECF Nos. 784-789).

15. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

16. No objections to the Settlement or the Plaintiffs' currently pending Motion for Payment of Attorney's Fees, Litigation Expenses, and Service Awards (Docket Nos. 784-787) ("Plaintiffs' Fee Petition") have been filed.

17. As set forth in the Notice to the Settlement Class, Plaintiffs' pending Fee Petition shall be decided separately from this Order.

18. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreements, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds. Persons or entities who timely and validly requested to be excluded from the Settlement Class are listed in **Exhibit A** attached hereto. Such persons or entities are not

entitled to any recovery from the Settlement proceeds. Furthermore, nothing in this Order shall be construed as a determination by this Court that any person or entity satisfies the criteria for membership in the Settlement Class merely because it filed a Request for Exclusion.

19. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration and implementation of the Settlement Agreements and any allocation or distribution to Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by Plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

20. Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715.

21. Plaintiffs will file a motion for approval of distribution of the net proceeds of the Settlement and provide a report on outstanding claims administration expenses within 30 days of this Order being entered.

22. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just

reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

Date: 9/4/2025                                                                                   KATE M. FOGARTY, CLERK