**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TAQUERIA EL PRIMO LLC; VICTOR MANUEL DELGADO JIMENEZ; MITCHELLE CHAVEZ SOLIS; BENJAMIN TARNOWSKI; EL CHINELO PRODUCE, INC.; and VIRGINIA SANCHEZ-GOMEZ, *each on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

ILLINOIS FARMERS INSURANCE COMPANY; FARMERS INSURANCE EXCHANGE; FARMERS GROUP, INC.; TRUCK INSURANCE EXCHANGE; and MID-CENTURY INSURANCE COMPANY,

Defendants.

Civil No. 19-3071 (JRT/ECW)

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**

---

Having reviewed Plaintiffs' Unopposed Motion for Cy Pres Distribution of Residual Settlement Funds (Docket No. 819), the accompanying memorandum and supporting declarations, and all other evidence and arguments presented, the Court will grant the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Approval of Cy Pres Distribution

Proposal (Docket No. [819]) is **GRANTED**, and the Court further hereby **FINDS AND ORDERS**:

1. The Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement, including all Settlement Class Members and Defendants.

2. On October 21, 2025, the Court granted Class Counsel's Motion for Distribution of Net Settlement Proceeds. (Docket No. 808.)

3. After completion of the initial distribution, residual settlement funds remain and are estimated to be approximately $43,874.37. (Second Decl. of Richard W. Simmons ¶ 13, June 29, 2026, Docket No. 822.)

4. Pursuant to requests of two class members, Analytics Consulting LLC (the "Settlement Administrator") reissued two checks. (*See id.*¶ 2, 9–10.) The final date for negotiation of these checks was July 24, 2026. (*Id.* ¶ 10.)

5. The Settlement Administrator estimates the costs of a second distribution to be approximately $16,810—approximately 38.3 percent of the remaining funds. (*Id.* ¶¶ 14, 21.) After accounting for those costs, a second distribution to class members who successfully received settlement payments in the initial distribution would result in an average award of $2.91. (*Id.* ¶ 16.) The majority of these payments would be issued by check, which are estimated to cost approximately $1.80 each. (*Id.* ¶¶ 17–18.)

6. Based on the costs of administration and average amounts in a second distribution, the remaining funds are de minimis such that an additional distribution is not economically feasible.

7. The Settlement Agreement authorizes a distribution of de minimis residual funds to a charitable beneficiary under the doctrine of cy pres. (*See* Docket No. 779-1 ¶ 12.e.)

8. A cy pres distribution is appropriate only where further distribution is not feasible. *See Jones v. Monsanto Co.*, 38 F.4th 693, 698–99 (8th Cir. 2022) (citing *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015)). "[T]he unclaimed funds should be distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002).

9. After considering the objectives underlying this case, the interests of the class members, the state law claims in this case, and the geographic scope of the class, the Court finds that Mid-Minnesota Legal Aid and the Justice & Democracy Centers of Minnesota are appropriate cy pres recipients. The cy pres award will be distributed in equal shares to Mid-Minnesota Legal Aid and the Justice & Democracy Centers of Minnesota, with each party receiving 50 percent of the award. Mid-Minnesota Legal Aid provides service throughout the state of Minnesota and promotes the enforcement of Minnesota's consumer protection laws. (Decl. of Milo Mumgaard, June 29, 2026, Docket

No. 823.) The Justice & Democracy Centers of Minnesota provide civic education services that are dedicated to promoting an understanding of the rule of law and the essential role of an independent judiciary in our democracy through free, accessible, and equitable educational programming. The cy pres funds for the Justice & Democracy Centers of Minnesota should be sent to its fiscal agent, The Foundation of the Federal Bar Association, a 501c3.

10. The Court directs the escrow agent to liquidate the escrow account within **three (3) business days** of entry of this Order. This timing will ensure that the two outstanding checks have either been negotiated or voided by the time the escrow account is liquidated.

11. The Court directs the Settlement Administrator to issue a cy pres payment with the remaining settlement funds to Mid-Minnesota Legal Aid and the Federal Bar Association Foundation—with each party receiving an equal share of the cy pres award—within **three (3) business days** after it receives the remaining settlement funds from the escrow agent.

12. The Court retains jurisdiction to interpret, implement, and enforce this Order.

DATED: August 26, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge